

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John A. Hamilton
District Attorney
Matador, Texas

Dear Sir:

Opinion Number O-4918
Re: Whether independent school
district may collect taxes
prior to October 1st and
allow discount thereon.

We have received your letter of recent date in which you ask the opinion of this department upon the following questions:

"(1) Do the trustees of the independent school district have authority to pass such a resolution allowing taxes to be paid in the month of September, and allowing a discount for doing so, and (2) if the trustees do have such power is the enclosed resolution sufficient to accomplish that end?"

We assume that you have reference to an independent school district which assesses and collects its own taxes under Articles 2790 and 2791, Vernon's Annotated Civil Statutes.

The following appears in Texas Jurisprudence, Volume 30, page 490:

"A city may by ordinance make city taxes due and delinquent on different dates than those fixed for general taxes. The fact that the levying ordinance fixes an unreasonable or impossible date for payment does not affect its validity."

Honorable John A. Hamilton, page #2

Article 2758, Vernon's Annotated Civil Statutes, prior to its amendment in 1927, provided that the trustees of an independent school district "shall in general be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schbols, including the powers and manner of taxation for free school purposes that are conferred by the laws of this State upon the governing bodies of incorporated cities and towns". See also Articles 1033, 1041, 1058, and 1063, Vernon's Annotated Civil Statutes; Mission Independent School District v. Armstrong, 222 S. W. 201. This part of Article 2758 was omitted in the amendment of 1927. However, we believe that the principla still applies and that the board of trustees of an independent school district assessing and collecting its own taxes may set a date upon which school taxes become due and payable different from that fixed for State and county taxes. See Article 7255, Vernon's Annotated Civil Statutes.

Article 2791, Vernon's Annotated Civil Statutes, provides, in part, as follows:

"The district tax assessor and collector shall have the same power and shall perform the same duties with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the city marshal of incorporated towns or villages . . . provided that in the enforced collection of taxes the board of trustees shall perform the duties which devolve upon the city council of an incorporated city or town . . . "

This article is clearly indicative that the board of trustees of an independent school district has the same powers with reference to the assessment and collection of taxes as the governing board of an incorporated city or town. Therefore, the school board may fix dates when school taxes will become due and delinquent different from those fixed for general taxes.

492

If we are wrong in our reasoning, nevertheless we think that our conclusion is correct for an additional reason. The statutes relating to school taxes contain no provision as to when such taxes become due or delinquent. Therefore, it is our opinion that it is within the general power and authority of the board of trustees to set such dates. See Articles 2758, 2779, 2780, 2784, et seq., 2791, Vernon's Annotated Civil Statutes. See McCollum v. City of Richardson (writ of error dismissed), 121 S. W. (2d) 423, wherein it is stated, "Cities, towns and school districts have the right to sue and be sued, contract and be contracted with and conduct and control all of its affairs, particularly their finances and taxes".

Acts 1939, Forty-sixth Legislature, Revised Statutes, Ch. 18, S. B. 402, authorizes a discount on ad valorem taxes for the early payment of same. See Articles 7057d, 7255b, Vernon's Annotated Civil Statutes. Section 1 of S. B. 402 provides as follows:

"All taxpayers shall be allowed discounts for the payment of taxes due to the State and all governmental and political subdivisions and taxing districts of the State, said discounts to be allowed under the following conditions: (a) three (3%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State, if such taxes are paid ninety (90) days before the date when they would otherwise become delinquent; (b) two (2%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State if such taxes are paid sixty (60) days before the date when they would otherwise become delinquent; (c) one (1%) per cent discount on ad valorem taxes due the State or due any governmental or political subdivision or taxing district of the State, if such taxes are paid thirty (30) days before the date when they would otherwise become delinquent. Provided, however, that the provisions of this section shall

Honorable John A. Hamilton, page 4

not apply to water improvement districts, irri-
gation districts, levee districts, water control
districts, and other governmental subdivisions,
cities, towns and independent school districts
unless and until the governing body of such water
improvement districts, irrigation districts, levee
districts, water control districts, and other gov-
ernmental subdivisions, cities, towns, or independ-
ent school districts by ordinance, resolution or
order, shall adopt the provisions hereof; and in
the event any such water improvement district,
irrigation district, levee district, water con-
trol district, and other governmental subdivisions,
city, town or independent school district elects
to allow such discounts, then the governing body
of each water improvement district, and other
governmental subdivisions, city, town or independ-
ent school district, shall have power, by the ordi-
nance, resolution or order levying the annual taxes,
to designate the months in which such discounts of
three (3%) per cent, two (2%) per cent, and one (1%)
per cent respectively shall be allowed, but in no
event shall the same apply to split payment of taxes."

You will notice that 3%, 2%, and 1% discounts are al-
lowed for taxes paid 90, 60, and 30 days, respectively, before
the date such taxes would otherwise become delinquent. You
will notice also that the provisions of Section 1 shall not
apply to independent school districts unless and until the
governing body (board of trustees) shall by ordinance, reso-
lution, or order adopt the same. If the school district elects
to allow such discounts, then the governing body (board of
trustees) may designate the months in which such discounts
shall be allowed.

You ask in your first question whether the trustees
of an independent school district have authority to pass a
resolution (a) allowing taxes to be paid in the month of
September, and (b) allowing a discount for doing so. We have
heretofore stated that the board may determine the dates of

484

Honorable John A. Hamilton, page #5

payment and delinquency of school taxes. The first part of
your question is, therefore, answered in the affirmative.
If the board of trustees has adopted the provisions of Section
1, S. B. 402 and the month of September comes within one of
the periods before the taxes would become delinquent, speci-
fied in Section 1, then our answer to the second part of your
first question is also in the affirmative.

You have furnished us a certified copy of a resolution
passed by the Board of Trustees of the Roaring Springs Inde-
pendent School District on September 3, 1942. In your second
question you ask whether this resolution is sufficient to allow
a discount on taxes paid in September. The resolution is as
follows:

"EXTRACTS OF A SPECIAL MEETING HELD
BY THE ROARING SPRINGS INDEPENDENT SCHOOL
DISTRICT'S BOARD OF TRUSTEES, on September
3, 1942, in Roaring Springs, Texas.

"The Roaring Springs Independent School District's
Board of Trustees convened in Special Session at
8:30 p.m., September 3, 1942, in the office of said
Board, after each member had been notified of said
meeting, with the following members of said Board
of Trustees PRESENT:

"P. H. McDorman, W. L. Marshall, M. S. Thacker and
W. E. Bowen. The members of said Board of Trustees
ABSENT: O. L. Bearden, P. P. Dawson and John O.
Veason.

"Among other business to come before the meeting, the
question of whether or not Roaring Springs Independent
School District would permit a discount for early pay-
ment of taxes for the year 1942, and allowing a dis-
count of 3% for the month of September, 2% for the
month of October and 1% for the month of November,
providing the 1942 taxes of said District were paid
within the months stated with the discount therein
stated, respectively.

"'Motion was made by W. L. Marshall, and was seconded by W. E. Bowen, that the Roaring Springs Independent School District Tax Collector, be instructed to accept taxes for early payment as above stated and receipt the payer as above stated, allowing the given discounts therefor.'

"Those members of the Board of Trustees present voting FOR the motion were: W. L. Marshall, M. S. Thacker and W. E. Bowen. The members of the Board of Trustees voting AGAINST the motion were: None. The President of the Board of Trustees, P. H. McDorman, thereupon, declared the motion passed and adopted."

Section 1 of S. B. 402 prescribes no form whereby its provisions may be adopted. Therefore, we think that a resolution is sufficient if it can be reasonably ascertained that such provisions are adopted. Section 1 of S. B. 402 (Article 7057d and 7255b) is the only authority under which discounts may be allowed on taxes of independent school districts. Therefore, we do not believe that a resolution would fail merely because Section 1 of S. B. 402, Article 7057d, or Article 7255b is not expressly specified. The resolution submitted clearly shows that the question of allowing discounts was before the board of trustees. The resolution names the months in which the respective discounts should be allowed. If the months of September, October, and November come within the respective periods before the delinquency date of the taxes specified in Section 1, then it is the opinion of this department that such resolution is sufficient.

This opinion is expressly limited to those independent school districts which assess and collect their own taxes.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
Assistant

APPROVED OCT 27, 1942

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

GWS-s